**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50474 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-02045-LAB |
| v. | |
| FRANCISCO ANTONIO GALLO-TAVIZON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 23, 2017**

Before:    LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Francisco Antonio Gallo-Tavizon appeals from the district court's judgment

and challenges the 85-month sentence imposed upon remand following his guilty-

plea conviction for importation of methamphetamine, in violation of 21 U.S.C.

§§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gallo-Tavizon contends that the district court misinterpreted and misapplied the minor role Guideline, U.S.S.G. § 3B1.2, in denying his request for a minor role reduction. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

Contrary to Gallo-Tavizon's argument, the district court fully considered the five factors under the amended Guideline in determining that he was not "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A), (C). Furthermore, the record reflects that, in assessing Gallo-Tavizon's role, the court properly compared Gallo-Tavizon to his co-participants in the offense. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). The court discussed drug couriers in other cases only in reference to the issue of how greatly Gallo-Tavizon stood to benefit from the offense. *See* U.S.S.G. § 3B1.2 cmt. n.3(C)(v). Finally, the court did not err in considering Gallo-Tavizon's previous drug crossings. *See United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006).

In light of the totality of the circumstances, the district court did not abuse its discretion in concluding that Gallo-Tavizon was not a minor participant. *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

**AFFIRMED.**

16-50474